No. 05-341

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 73N

_____

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

KELVIN WARREN SUTTON a/k/a KELLY W.
SUTTON,

        Defendant and Appellant.

_____

APPEAL FROM:    District Court of the Fourth Judicial District,
In and for the County of Missoula, Cause No. DC 2003-483
The Honorable Edward P. McLean, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

          Brian C. Smith, Office of the Public Defender, Missoula, Montana

       For Respondent:

          Hon. Mike McGrath, Attorney General; Jim Wheelis, Assistant Attorney
General, Helena, Montana

          Fred Van Valkenburg, County Attorney; Kirsten LaCroix, Deputy County
Attorney, Missoula, Montana

_____

Submitted on Briefs:  March 29, 2006

Decided:  April 18, 2006

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court=s quarterly list of nonciteable cases published in the Pacific Reporter and Montana Reports.

¶2    Kelvin Warren Sutton (Sutton) appeals from the denial of two motions to dismiss the charges against him.  Sutton raises multiple issues on appeal, but we only consider the dispositive issue of whether Sutton waived his right to appeal the denial of his motions to dismiss when he pled guilty without reserving the right to appeal.  We affirm.

¶3    The State charged Sutton by Information with one count of felony driving under the influence of an intoxicating substance and three misdemeanors.  Sutton filed a motion to dismiss the felony count, alleging his prior convictions were constitutionally infirm, and a motion to dismiss all counts based on lack of a speedy trial.  The District Court denied both motions.  Sutton entered a plea agreement on November 29, 2004, in which he agreed to plead guilty to the four counts in the Information.  In return, the State agreed to make certain sentencing recommendations and to withdraw its notice to seek punishment as a persistent felony offender.

¶4    Although Sutton failed to provide the Court with a transcript of the change of plea hearing, the minute entry clearly shows he orally moved to amend the plea agreement to provide that he reserved his right to appeal the denial of his motions to dismiss.  The State refused to agree to Sutton's motion and stated that Sutton could either plead guilty

2

or go to trial. The District Court denied the motion. Sutton then stated that he wished to proceed and pled guilty. At sentencing, the District Court advised that it would not follow the sentence recommendation in the plea agreement. Sutton declined an opportunity to withdraw his guilty plea and was sentenced. This appeal followed.

¶5 We have determined to decide this case according to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.

¶6 A defendant who enters a guilty plea may reserve the right to appeal an adverse determination of any specified pretrial motion only with the consent of the prosecutor and the approval of the court. Section 46-12-204(3), MCA. The prosecution refused to consent to Sutton's motion to reserve his right to appeal the denial of his motions to dismiss. Likewise, the District Court declined to approve Sutton's request. When Sutton pled guilty, he waived his right to appeal the denial of his motions to dismiss.

¶7 Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ JIM RICE